## Commonwealth v. Diehl

*J. Glenn Benedict*, district attorney, for Commonwealth.

*John McD. Sharpe*, for defendant.

DAVISON, P. J., March 18, 1939.—Defendant, having been charged with reckless driving, waived a hearing before the justice of the peace and entered into his recognizance for his appearance in this court. On January 28, 1939, a hearing in said matter was held in this court and evidence on behalf of the Commonwealth and defendant heard.

From this evidence it appears that the defendant was in the employ of Walker Bros., who at the time of the alleged offense were constructing a section of Lincoln Highway in said county in a westerly direction from what is known as Back Creek to a point west of the village of Saint Thomas, under contract with the Commonwealth,

and that when the alleged offense was committed he was engaged in the business of Walker Bros.; that proper notices that said road was under construction and closed to traffic had been posted by the Commonwealth of Pennsylvania; that said road was being used to some extent by the traveling public even while so closed; that defendant was operating a truck of Walker Bros. on said road and made a left-hand turn without giving the notice of his intention to do so required by law, and as a consequence a car driven by one Harry Pritchard and following said truck on said road collided with the truck and damage to the car of said Pritchard resulted. It also appeared that Pritchard entered the road so under construction at Saint Thomas from a road intersecting it there, and not at such point as the notices that the road was closed could be seen by him. There is no dispute that defendant did make the left-hand turn which caused the collision and that he did not give the required notice of his intention to make that turn.

The only questions raised in this case are whether defendant can be convicted under the section of the act of assembly under which the information is made, and if he could be, then whether this is such a "highway" as defined in the act as would support a charge of reckless driving on it.

As to the first question, the learned counsel for the defense argues to us that this defendant should be charged, if at all, with violation of section 1012 of The Vehicle Code of May 1, 1929, P. L. 905, instead of section 1001 of said code, under which section the information was made. Section 1012 is as follows:

"Signals on Starting, Stopping or Turning.—

"(a) The driver of any vehicle upon a highway, before starting, stopping or turning from a direct line, shall first see that such movement can be made in safety, and, if any pedestrian may be affected by such movement, shall give a clearly audible signal by sounding the horn, and when-

ever the operation of any other vehicle following may be affected by such movement, shall give a signal, as required in this section, plainly visible to the driver of such other vehicle, of the intention to make such movement.

"(b) The signal herein required shall be given either by means of the hand and arm, in the manner herein specified, or by an approved mechanical or electrical signal device, except that, when a vehicle is so constructed or loaded as to prevent the hand and arm signal from being visible to the rear, the signal shall be given by a device of a type which, at the time of its use, is approved by the secretary.

"1. Whenever the signal is given by means of the hand and arm, the driver shall indicate his intention to start, stop, or turn, by extending the hand and arm horizontally from and beyond the left side of the vehicle, or, if he is driving a closed vehicle, by his hand and arm in such a way as to be visible through the window in the rear of the vehicle."

Section 1001 is as follows:

"Reckless Driving.—Reckless driving is unlawful, and, for the purpose of this act, is construed to include the following:

"(a) Any person who drives any vehicle upon a highway carelessly and wilfully, or wantonly disregarding the rights or safety of others, or in a manner so as to endanger any person or property."

It is argued that where a person violates some specific provision of an act of assembly he cannot be found guilty of some general enactment, for the specific enactment excludes the offense covered by it from being contemplated under the general enactment. We do not agree that this legal rule is controlling in these sections under discussion. It is easy to see how a violation of section 1012 might involve reckless driving under some circumstances and not under others, and when because of the circumstances the left-hand turn without the notice required by law being

given by the operator amounts to such carelessness as to wilfully and wantonly disregard the rights of others, or so as to endanger the person or property of another, this would constitute reckless driving and would be properly charged as such. The mere turning without the giving of notice would not be reckless driving and such a charge could not be sustained under those circumstances, but the charge clearly must be made under section 1012, but when that act resulted in reckless driving as defined in section 1001 then the charge would be properly under that section. Officers should carefully consider the facts of each case in making the information and not charge reckless driving unless the circumstances of the particular case warrant it, but should make such a charge when the operation of the car shows that it was driven carelessly and wilfully or wantonly disregarding the rights and safety of others, or in a manner so as to endanger any person or property.

This discussion is largely academic, as we do not feel called upon to decide this question in this case, and do not desire to do so because of the effect it might have on any civil case following, if any, as we intend to find defendant not guilty on the second question raised.

In considering the second reason assigned by defendant why he should not be adjudged guilty of violation of said section 1001 of The Vehicle Code, we must bear in mind that we are considering only one thing, and that is the criminal responsibility of this defendant under that act of assembly. We are not now in any way concerned with any liability of this defendant or his employer for damages, or as to whether the road at Saint Thomas where Pritchard entered it was marked or not, whether Pritchard was a trespasser or not, or whether Walker Bros. had permitted travel on the highway closed by the State, or any other like matter. What we are to decide from the evidence in this case is whether this highway was at the time of this occurrence such a highway as would be con-

strued sufficient to support a charge of reckless driving on it under said act of assembly.

That the Lincoln Highway is, as such, a highway of the State generally and one on which the crime of reckless driving could be committed is certain, and that is not questioned, but whether when it is closed to general use by rules and regulations laid down according to law it loses the attributes of a highway for the time being and, if so, whether reckless driving as defined in the act of assembly can be committed on it when so classed is the question now before us, for if it was not at the time of the offense charged here such a highway defendant cannot be convicted.

Section 1001, above quoted, includes in reckless driving where any person drives upon a *highway* carelessly, etc. Section 102 of The Vehicle Code, supra, defining a highway, is as follows:

"Every way or place, of whatever nature, open to the use of the public as a matter of right, for purposes of vehicular travel."

That the State through its proper authorities has the right and power to close a public highway to public use for a time, provided it proceeds according to law so to close it, cannot be successfully disputed. Section 1 of the Act of May 9, 1929, P. L. 1702, reads as follows:

"That from and after the passage of this act, except in the case of emergencies wherein the safety of the public would be endangered, no public road or highway in this Commonwealth shall be closed to vehicular traffic, except upon order of the authorities having charge of the maintenance of such highways, nor for a longer period than is necessary for the purpose for which such order is issued." This is a clear recognition of the right of the proper authorities to close a public highway to vehicular traffic.

In so closing such a highway, however, the authorities must make provision for a satisfactory highway for the use of the public in place of the one so closed. Section 3

of said act as amended by the Act of June 12, 1931, P. L. 502, provides that:

"When any public road or highway shall be closed, as hereinbefore provided, it shall be the duty of the authorities authorizing the closing to immediately designate or lay out a detour, on which they shall erect or cause to be erected and maintained, while such detour is in use, legible signs at each public road intersection throughout its entire length, indicating the direction to the main highway; and, during the period when such detour is in use, it shall be the duty of the authorities . . . to maintain such detour in safe and passable condition."

The evidence shows that the proper authorities of the State had placed the required notices that this highway was closed and that a temporary route 30 had been established as a detour by Edenville. The signs placed at the beginning and end of this work on the Lincoln Highway were such notices as were placed by the State closing the said highway for the time being and substituting for it another highway bearing its number and constituting route 30 temporarily. These signs showed "Road closed. Passenger car to Chambersburg turn left. Detour by Edenville on temporary route 30. 14 miles improved road." The placing of these notices and the establishment of a new route 30 for the time took away from Lincoln Highway, the regular route 30, its establishment as a highway as defined in said act of assembly, that is a "way or place open to the use of the public as a matter of right, for purposes of vehicular travel", and as a result defendant cannot be convicted of the charge of reckless driving, as that charge can only be sustained when defendant drives on a "highway". We will, therefore, adjudge defendant not guilty.

Now, March 18, 1939, defendant, Leslie M. Diehl, is found not guilty.